NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.160.8.108,<br><br>          Defendant. | Civ. No. 15-6735<br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

      This matter comes before the Court by way of Defendant Rohith Surampudi's ("Defendant") motion to dismiss for insufficient service of process. (ECF No. 16). Plaintiff Malibu Media, LLC ("Plaintiff") opposes. (ECF No. 20). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion will be denied.

LEGAL STANDARD

      Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for insufficient service of process. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

DISCUSSION

      Plaintiff hired a process server to serve Defendant. The process server declared under penalty of perjury that he left copies of the summons and complaint with Defendant's father at Defendant's home. (ECF No. 15). This service was timely per the extension granted to Plaintiff

1

by Magistrate Judge Douglas E. Arpert.  (ECF No. 14).  Defendant submitted an affidavit from his father, Prasad Surampudi, stating that "a person knocked on my front door, and when I opened the door, they asked if I was authorized to accept service of process on behalf of my son, Rohith Surampudi.  I responded in the negative, and the person turned around, and walked away from my door."  (ECF No. 16-2).  Defendant's father states that he was never handed any papers or legal documents.  (*Id.*).

"For a party to rebut valid service accompanied by an affidavit, it must submit sufficient evidence to do so, and may not rely merely on statements by interested parties." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *3 (D.N.J. Apr. 17, 2013), *report and recommendation adopted*, No. 07-2726, 2013 WL 1903293 (D.N.J. May 7, 2013).  Affidavits from immediate family members that solely deny service occurred are insufficient to rebut a sworn statement from a disinterested third party such as a professional process server.  *See Noske v. Dicaterino Contracting, Inc.*, No. 92-4153, 1994 WL 386850, at *4-5 (D.N.J. July 19, 1994) (holding that a defendant's wife's affidavit denying service occurred is insufficient to rebut a process server's affidavit); *Constitution Bank v. Painewebber Inc.*, No. 91-5175, 1992 WL 50103, at *3 (E.D. Pa. Feb. 28, 1992) (holding that "evidence from a family member alleging improper service under the rules" is insufficient to rebut a process server's sworn account of proper service).  The affidavit from Defendant's father is therefore insufficient to rebut the sworn statement of Plaintiff's process server, which correctly identified Defendant's father by name and his relationship to Defendant, further suggesting that the process server's account was credible.  (ECF No. 15).  Since service otherwise appears to be proper under Federal Rule of Civil Procedure 4, Defendant's motion will be denied.

3

## CONCLUSION

For the foregoing reasons, Defendant's motion will be denied. An order consistent with this opinion will follow.

                         */s/ Anne E. Thompson*
                         ANNE E. THOMPSON, U.S.D.J.

Date: May 12, 2016